KURZ v THE EVENING NEWS ASSOCIATION (ON REMAND)

Docket No. 99818. Submitted April 10, 1987, at Lansing. Decided October 20, 1987.

Plaintiffs, Walter A. Kurz, J. Todd Kurz and Kevin Kurz, a minor, by his next friend J. Todd Kurz brought an action for libel against The Evening News Association, doing business as The Detroit News, and several of its employees. The action was based on a newspaper article reporting on an altercation which occurred between Walter Kurz and his son J. Todd Kurz and several Detroit police officers. The Wayne Circuit Court, Irwin H. Burdick, J., granted summary judgment in favor of all the defendants. Plaintiffs appealed and the Court of Appeals affirmed, holding that defendants had a qualified privilege to report and comment upon matters of public concern. The Court of Appeals held that plaintiffs were required to make a showing of actual malice, that is, that defendants published untrue statements with knowledge that the statements were false or with reckless disregard for whether the statements were false or not. Plaintiffs' pleadings were determined to be insufficient to survive defendants' motion for summary judgment. 144 Mich App 205 (1985). Plaintiffs sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of *Rouch v Enquirer & News of Battle Creek,* 427 Mich 157 (1986).

The Court of Appeals, on remand, *held:*

A private-person plaintiff who chooses to bring an action in libel on the basis of a report of an arrest and of the facts used to establish the probable cause for the arrest, which amounts to speech of public concern, must first prove that the statements

REFERENCES

Am Jur 2d, Libel and Slander §§ 32, 173, 252, 416, 463 *et seq.*

Defamation: who is "libel-proof". 50 ALR4th 1257.

Defamation: application of New York Times and related standards to nonmedia defendants. 38 ALR4th 1114.

State constitutional protection of allegedly defamatory statements regarding private individual. 33 ALR4th 212.

Necessity and sufficiency of plaintiff's allegations as to falsity in defamation action. 85 ALR2d 460.

were false in addition to proving that the defendant was negligent in so reporting.

Reversed.

LIBEL AND SLANDER — PRIVATE PERSONS — REPORTS OF ARREST.

A private-person plaintiff who chooses to bring an action in libel on the basis of a report of an arrest and of the facts used to establish the probable cause for the arrest, which amounts to speech of public concern, must first prove that the statements were false in addition to proving that the defendant was negligent in so reporting.

*Walter A. Kurz,* for plaintiffs.

*Butzel, Long, Gust, Klein & Van Zile* (by *Richard E. Rassel* and *Keefe A. Brooks*), for defendants.

ON REMAND

Before: HOOD, P.J., and BEASLEY and J. B. SULLIVAN, JJ.

PER CURIAM. In the following order, the Supreme Court has remanded this case to the Court of Appeals for reconsideration:

> By order of January 28, 1986, the application for leave to appeal was held in abeyance pending the decision in *Rouch v Enquirer & News of Battle Creek* (Docket No. 75044). On order of the Court, the decision having been issued on December 26, 1986, 427 Mich 157 (1986), the application is again considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals and REMAND the case to the Court of Appeals for reconsideration in light of *Rouch v Enquirer & News of Battle Creek,* 427 Mich 157 [398 NW2d 245] (1986). [See 428 Mich 886 (1987).]

In *Rouch,* the Supreme Court adopted the negligence standard of *Gertz v Robert Welch, Inc,* 418

US 323; 94 S Ct 2997; 41 L Ed 2d 789 (1974), and, while proceeding on a different analysis of the issues, affirmed the Court of Appeals result. We interpret the above-quoted Supreme Court order, which vacates our judgment in favor of defendants, 144 Mich App 205; 375 NW2d 391 (1985), to require that the trial court proceed in accordance with the Supreme Court decision in *Rouch*. To that end, we reverse the grant of summary judgment in favor of defendants made by the trial judge.

In so doing, we do not preclude defendants from renewing their motion for summary judgment, so long as the law set forth in *Rouch* is applied. We assume consideration will be given to the following language in *Rouch:*

> We hold that a report of an arrest and of the facts used to establish the probable cause for the arrest amount to speech of public concern and that the rule of *Philadelphia Newspapers* [*Inc v Hepps,* 475 US —; 106 S Ct 1558; 89 L Ed 2d 783 (1986)] applies. Because of the importance of this type of information in a free society, plaintiffs who choose to bring actions in libel on the basis of such reports must first prove that the statements were false in addition to proving that defendants were negligent in so reporting. [*Rouch, supra* at 206.]

Reversed.