KURZ v THE EVENING NEWS ASSOCIATION

Docket No. 109910. Submitted December 18, 1989, at Detroit. Decided March 20, 1990.

Walter A. Kurz and others brought an action for libel in the Wayne Circuit Court against The Evening News Association and others. The action was based on a news article reporting on an altercation between Walter Kurz and his son and several police officers. The article reported that Mr. Kurz threatened to kill someone and fired a weapon. Mr. Kurz denied these claims. The court granted summary judgment for defendants. Plaintiffs appealed and the Court of Appeals affirmed, 144 Mich App 205 (1985). The Supreme Court, in lieu of granting plaintiffs' application for leave to appeal, vacated the judgment of the Court of Appeals and remanded to the Court of Appeals for reconsideration, 428 Mich 886 (1987). On remand, the Court of Appeals reversed. The circuit court, Claudia House Morcom, J., granted summary disposition for defendants based on lack of a genuine issue of material fact. Plaintiffs appealed.

The Court of Appeals *held:*

The facts disputed are sufficient to preclude a grant of summary disposition.

Reversed.

LIBEL AND SLANDER — DEFENSE OF TRUTH — VARIANCE OF FACT.

A slight inaccuracy in one of the details will not prevent a judgment for the defendant in an action for libel, if the defendant can prove the facts complained of to be substantially true, providing the inaccuracy does not alter the complexion of the affair, and would have no different effect on the reader than that which the literal truth would produce.

*Walter A. Kurz,* for plaintiffs.

*Butzel, Long, Gust, Klein & Van Zile, P.C.* (by *Richard E. Rassel, Keefe A. Brooks,* and *Michael R. Poterala*), for defendants.

REFERENCES

Am Jur 2d, Libel and Slander §§ 179-182.

Before: GRIBBS, P.J., and SHEPHERD and McDON-ALD, JJ.

PER CURIAM. Plaintiffs appeal as of right from a June 7, 1988, order granting defendants' motion for summary disposition in this libel action. We reverse.

This case has been before this Court twice before. Plaintiffs appealed from an earlier grant of summary disposition in favor of all defendants which a panel of this Court affirmed, 144 Mich App 205; 375 NW2d 391 (1985). Thereafter, at 428 Mich 886 (1987), our Supreme Court remanded the case to this Court for reconsideration in light of its decision in *Rouch v Enquirer & News of Battle Creek,* 427 Mich 157; 398 NW2d 245 (1986). In *Kurz v The Evening News Ass'n (On Remand),* 164 Mich App 17; 416 NW2d 363 (1987), a panel of this Court reversed the original grant of summary disposition. The case was returned to the trial court for application of the principles announced in *Rouch, supra.* The trial court granted defendants' motion for summary disposition and it is from this order plaintiffs now appeal.

Plaintiffs filed their complaint for libel and injury to reputation against defendants on January 19, 1981. The allegedly libelous newspaper article is reprinted in full below.[1]

---

[1]                UNHAPPY NEW YEAR
ATTORNEY FACES CHARGES IN ATTACK ON POLICE-MAN
    Detroit attorney Walter Kurz was arraigned Saturday on charges of assaulting a police office [sic] with a shotgun during a predawn New Year's Day argument.
    Kurz, 59, of 18813 Chandler Park Drive, appeared before Visiting Recorder's Judge J. Patrick Denis on two counts of assault with attempt to do great bodily harm less than murder. He was released under $10,000 personal bond. Examination is January 28.

Defendants filed the contested motion for summary disposition based upon MCR 2.116(C)(10), no genuine issue of material fact. A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619; 425 NW2d 480 (1988). Giving the benefit of reasonable doubt to the nonmovant, the court must determine whether a record might be developed which would leave open an issue upon which reasonable minds could differ. *Dumas, supra.* All inferences are to be drawn in favor of the nonmovant. *Dagen v Hastings Mutual Ins Co,* 166 Mich App 225; 420 NW2d 111 (1987).

A newspaper report of a private person's arrest is speech of public concern and, thus, plaintiffs who choose to bring actions in libel on the basis of such reports must first prove that the statements were false in addition to proving that defendants were negligent in so reporting. *Rouch, supra.* In the instant action, the trial court granted defendants' motion for summary disposition, finding "there [was] no genuine issue of fact regarding the

---

Police said the 4:30 A.M. incident began when Kurz's son Jay, 18, was involved in a scuffle with Detroit officer Michael Hendrix.

Henrix [sic] and his wife were leaving a party at the home of Detroit police Sgt. Edward Largewitz, who lives at 18821 Chandler Park Drive, next door to Kurz.

There were conflicting reports regarding the fight between Hendrix and the younger Kurz, but at some point the youth called for help from his father and the elder Kurz appeared on the scene with a shotgun. Several other officers from the Largewitz party were in the driveway at this point.

Police said Kurz, clad in pajamas, threatened to kill someone and fired one shot from his gun. No one was hit.

There was no explanation at the delay in bringing charges against Kurz.

The younger Kurz was earlier charged with assault and battery in the incident.

material truthfulness of the putatively defamatory report." In particular, the court stated "the singular pertinent distinction between the subject publication and the plaintiffs' rendition . . . is that the report characterized the instrumentality in question as a shotgun whereas plaintiff claims that it was a rifle." We disagree with the trial court's conclusion that there existed no disputed issue of material fact. Contrary to the trial court's assertion that only one immaterial distinction existed between the article's and plaintiffs' version of the events, our review of the complaint as well as plaintiffs' deposition and affidavits indicates a factual dispute as to whether plaintiff, Walter Kurz, ever threatened to kill anyone or in fact fired his weapon, as alleged in the article.

Given the tenor of the entire article, we cannot say as a matter of law that this possible inaccuracy constitutes an "inaccuracy that does not alter the complexion of the affair and would have no different effect on the reader than that which the literal truth would produce." *McCracken v Evening News Ass'n,* 3 Mich App 32; 141 NW2d 694 (1966).

As we believe there existed a question of fact regarding the truthfulness of a material portion of the article, we find the trial court's grant of summary disposition in favor of defendants improper.

Reversed.